STATE *vs.* MICHAEL DOORIS.

For the purpose of proving the first marriage in a prosecution for bigamy, the state offered in evidence a document purporting to be a copy of an entry in the "Marriage Register Book" in the office of the superintendent registrar of births, marriages and deaths for the district of *M.* in Ireland, that the prisoner was, on a day stated, married to the alleged first wife ; the entry containing the signatures of the officiating priest, the parties and two witnesses, and the copy being certified as such by *T. W.* in his official capacity as superintendent registrar for the district of *M.* Held that the document was inadmissible, because (1) it did not appear that the keeping of such a book was required by law; nor (2) that *T. W.* was in fact the superintendent registrar; nor (3) that his signature was genuine, if he was such officer.

INFORMATION for bigamy; brought before the Superior Court for the county of New Haven and tried to the jury on the plea of not guilty, before *Granger, J.*

Upon the trial the state offered in evidence, as tending to prove the alleged first marriage, the certificate below given, in connection with the evidence of one Patrick Reynolds, who testified that on or about the 17th of January, 1867, he saw the prisoner and Bridget Reynolds, who was his sister, the alleged first wife, in the Roman Catholic chapel, at Cloone, in Ireland, the place mentioned in the certificate, stand up to be married according to the rites and ceremonies of the Roman Catholic church, by John O'Farrell, who was then and previously had been the officiating Roman Catholic clergyman at the chapel ; but the witness could not tell anything that was said either by the priest or the parties

so standing up. To this certificate the prisoner objected, but the court overruled the objection and admitted the evidence.

The certificate was as follows:—

"1867. Marriage solemnized at the Roman Catholic Chapel of Cloone, in the Registrar's District of Mohill, in the Union of Mohill, in the county of Leitrim.

"No. 26.

"When Married. 17th Jan., 1867.

"Name and Surname. Michael Dooris; Bridget Reynolds.

"Age. Both of full age.

"Condition. Bachelor; Spinster.

"Rank or Profession. Farmer; Farmer's daughter.

"Residence at the Time of Marriage. Drumlish; Edenbawn.

"Father's Name and Surname. John Dooris; James Reynolds.

"Rank or Profession of Father. Farmer; Farmer.

"Married in the Roman Catholic Chapel of Cloone, according to the rites and ceremonies of the Roman Catholic Church by me, JOHN O'FARRELL, C. C.

"This marriage was solemnized between us. MICHAEL DOORIS, BRIDGET REYNOLDS.

"In the presence of us. PATRICK DOORIS, CATHERINE McPARLAND.

"I hereby certify that the foregoing is a true copy of the entry No. 26 in the Marriage Register Book in my office.

THOMAS WOODWARD,
*Superintendent Registrar of Births, Deaths, and*
*Marriages for the District of Mohill.*

"Office, Mohill. Date, 26th September, 1872."

The court charged the jury that the certificate was not of itself sufficient evidence of the first marriage, but that it was competent evidence for them to consider in connection with the other evidence in the case, in determining whether the first was a legal marriage, and that unless they found from all the evidence that the first marriage was a legal marriage their verdict must be for the prisoner.

The jury returned a verdict against the prisoner, and he

moved for a new trial for error in the admission of the certificate.

*W. C. Robinson* and *F. A. Robinson,* in support of the motion.

*Foster,* State Attorney, and *Alling,* contra.

PARK, J. We think the document which purports to be a copy of the marriage record of the accused in Ireland, was improperly received by the court as evidence tending to prove the facts stated in it. The document is not authenticated in any respect whatsoever. It purports to be a copy of the entry number twenty-six, in the Marriage Register Book in the office of the superintendent registrar of births, deaths and marriages for the district of Mohill, and is signed by Thomas Woodward in his official capacity as such registrar. But it does not appear in the case that the law of Ireland required the registration of marriages; nor does it appear that Woodward was the superintendent registrar at the time the certificate was given, if there was such record; neither does it appear that his signature is genuine, if he was such an officer. Indeed nothing appears tending to authenticate the instrument in any way. For ought that appears it may have been a forgery, got up by some designing person for the occasion.

A new trial must be advised.

In this opinion the other judges concurred.